Good morning, Your Honors. May it please the Court, my name is Andrew Smith with Mayor Daniel Clark and Tricia Corbin. As we stated in our opening brief, the issues before this Court are three. Did the District Court err in finding that the settlement notices sent to the putative class members were inherently misleading as a matter of law? Did the District Court err in invalidating those agreements? And did the District Court abuse its discretion in requiring Safelite to send out a curative notice which really was in the form of a revocation? Counsel, to me, the only issue before us is whether we have jurisdiction. Your Honor, I appreciate that. And I have difficulty seeing how we do have jurisdiction over this interlocutory matter, because if there is a judgment ultimately against your client, assuming that you don't prevail on the merits, these are all issues that could be brought up on an appeal after final judgment. So I have difficulty seeing why we have jurisdiction. Your Honor, several points in response to that. Number one, as guided by Greg Rivers in the Eighth Circuit, the District Court in this case ordered a curative notice, which is in and of itself a restraint of free speech. Well, Counsel, all class notices are restraints of free speech or they're compelled speech. That's sort of inherent in anything related to a class. Send this notice, don't send that notice. Clarify this, don't do that. That's true in every single case, isn't it? And yet we regularly say that those kinds of things are not immediately appealable. Several points, Your Honor. Number one, the notices at issue here were sent pre-certification. Number two, the individuals who accepted the agreements also have rights here. Safe Flight has rights with respect to the acceptance of those agreements. Safe Flight is stopped by this Court's order from enforcing the terms of those agreements. For now. If you win, though, you'll get them back, right? I don't see that, Your Honor. Why not? Why not? Isn't that express? If we win, we'd have the right to get them back and seek revocation from the individuals. But the point of it is, in a settlement agreement like this, both sides seek certainty. That's the certainty that Safe Flight has with these agreements and the certainty that the individuals have in accepting the terms of the agreement rather than risk not getting anything. Did you ever represent to the district court? I understand that the parties agreed that the merits would be decided first and then class certification would be decided after that. Did you ever inform the court that if the merits were decided adverse to you, you were going to attempt to settle with individual potential individual class members as you did? I'm not sure of the answer to that question, Your Honor. I don't believe we did. I don't believe we informed the district court of that fact. So you had a certain representation going and everybody thought that this would be done in an orderly way, that there was a putative class, and yet you circumvented the agreements you entered and reached out to members of the putative class. We didn't do anything of the kind, Your Honor, with all due respect. What we did was identify people who had been paid pursuant to this performance pay plan and decided rather than risk an adverse finding or to gain certainty with respect to this litigation that we would offer a settlement which we deemed to be a reasonable, if not. But, counsel, you agreed, as Judge Wardlaw is pointing out, the parties agreed to what to me is a very unusual and somewhat odd procedure, which is to say we have a class action complaint and we'll deal with liability first because it's a pretty straightforward matter to look at the merits first and then we'll determine whether only the named plaintiffs can go forward or whether there will be a class and, if so, what the definition of the class is. That was as I understood the agreement. And you lost on the merits, right? Largely. Largely. What we lost, Your Honor, was a finding by the court which would have bound us in any trial on the merits as to what this performance payment plan was. The court ruled that it was a peace plan, a peace rate plan. The court did not rule that there was any liability in this case attended to that plan. What the court said was there could be. Well, but more to the point, though, you agreed to a two-step procedure, right? Merits, then classification. And the court basically said you've got to follow that. So what's wrong with that? Your Honor, what the court's holding in the decision on the motion for summary judgment did was provide Safe Flight with a roadmap of how this case would be proceeding substantively. In other words, the case was going to be proceeding with the court's definition of the performance pay plan at issue, a definition with which Safe Flight disagreed, with which Safe Flight intended to appeal should there be an adverse ruling on the merits. Safe Flight to this day does not agree that the performance pay plan was a peace rate plan. Right. But, Counsel, the point is we're not subtle. You litigated this sort of upside down. You lost largely. And you didn't tell the plaintiffs that when you made the settlement offer. That's the deal, right? That was the district court's concern. Her concern was that there was only one-sided information, but nevertheless one-sided information that indicated this was about 10%, right, of at least plaintiff's estimate of damages. So I'm just waiting to hear your response about why it was inappropriate for the judge to issue this ruling and require the notice because, unlike Judge Graber, for me this question is about jurisdiction. I'm trying to figure out why this is a collateral order. That's my problem. The individuals at issue have contract rights if they wish to revoke their acceptance of this agreement. Safe Flight isn't joined from enforcing the terms of these agreements under standard law. For now. For now, for now. But if there's an adverse ruling, ultimately, this is about money, and they can be reinstated if you win. Can they? Or why not? Isn't that right? I'm sorry. The settlements that you purported. Settlements can be reinstated. Right. If you win the lawsuit. Either because the people with whom you entered these agreements are not members of a class, as is ultimately determined, in which case they would be permissible in any event, or because you ultimately went on the merits of your claim, and in that event, a final judgment can, it seems to me, deal with this problem. And if not, these are issues that can be raised on an appeal from the final judgment. Your Honor, in the meantime, Safe Flight and these individuals are enjoined from having what their free exercise of acceptance of this offer means. So can we talk about for the individuals, because you keep lumping them in there, did they have to give the money back? They would, wouldn't they, Your Honor? Well, I mean, the status quo at the moment is that a large majority of these folks cashed the checks, didn't they, or accepted the deal? That's true. And so how are their rights infringed in the meantime? Well, if the case proceeds as the district court has ordered, the rights of Safe Flight to enforce those agreements are enjoined. Right, but you keep saying that the individuals who received the offer are also somehow prejudiced. I understand Safe Flight's argument. I don't understand the other people who cashed the checks, how they are prejudiced. If an individual wished to challenge the revocation of their agreement, they could do so under any contract theory. If an individual does not want to revoke his or her acceptance of the agreement, then the court order presumes that to be a fact. Okay, so I think we're on the same page. I don't think we misunderstand anything about the facts. And so that brings us back to the collateral order issue. Why is this something that can't be litigated at the end of the day? Your Honor, this matter is not collateral in nature because it affects substantive rights, not collateral rights. It affects the substantive rights of the individuals who entered into privity of contract with each other. And it can't be litigated at the end of the day because? It cannot be litigated at the end of the day because, again, it would require the litigation of agreements that have already been reached with people who may not want those agreements to be litigated in the first place. If these individuals want their agreements to be enforced, they have the right to allow that enforcement of their agreement. If they don't want them to be enforced, if they wish to revoke, they have their own individual rights to proceed. Do they not? This is not really your time to ask me questions. No, no, that's rhetorical. I'm waiting for an answer. I didn't mean that disrespectfully. I know, and I don't either. But it is your time, and I'm waiting for an answer that doesn't strike me as a non-sequitur. I don't understand. I understand Safe Light wants these agreements enforced now, but I really don't understand how the litigants, the folks who accepted the checks are prejudiced in any way. The litigants were informed clearly of their rights when they received the checks. That's your view. The litigants were informed clearly of what signing the check meant. The litigants were informed of what the terms of the agreement meant. Okay, so the judge was concerned, and this is helpful, the judge was concerned that at least one person thought it was a paycheck, didn't recognize this at all. And I read the briefing carefully, and you have indicated where a reasonable person you think would have been on notice of that. But if the judge had a real concern, why was her order improper? A concern that folks were misled. There was no evidence before the district court that anyone had additional information been provided that anyone would have changed their mind about accepting the settlements offered by Safe Light. There's no evidence whatsoever. Her concern was people weren't told because the complaint wasn't attached and people weren't told about the ruling that Judge Graber mentioned, where at least we're saying largely you took a fall on liability. It was not a favorable ruling for you. And the judge's concern is that the folks hadn't been, putative class members hadn't been notified of that. What is your response? Well, I think informing the putative class members of the First Amendment-amended complaint, a discussion of the court's ruling on motion for summary judgment and the position of Safe Light on class certification would have made what was a clear and succinct communication less clear, less succinct, more muddled. All due respect, I don't think that even a lot of lawyers understand what class certification motions entail, what they don't entail, what the import of those are. Decisions on motion for summary judgment are inherently a legal doctrine that lay people are not going to understand. They contain legal conclusions. And what was Safe Light to do in that case? The piece rate that was found to exist with respect to the performance payment plan was something with which Safe Light disagrees. So if Safe Light were to communicate about the decision on the court's motion for summary judgment, would that be a fair assessment of Safe Light's decision or Safe Light's communication? As it is, we provided these individuals, Your Honor, with contact information for the plaintiff's counsel, access to website information if they wished it, and we told them at least three times that before they executed any agreement, they should seek legal counsel. What's your response to the concern that the judge thought that things were going to proceed in an orderly fashion and that your client took a different course? I disagree with the court's conclusion, Your Honor. I think what happened in light of what occurred in the signing by 954 people was that the litigation got streamlined. You have about a minute and a half if you'd like to save it for rebuttal. Thank you, Your Honor. Thank you. Good morning, and may it please the Court. Allison Ellert on behalf of the plaintiff and the class. The court's analysis on jurisdiction is exactly right. There isn't jurisdiction here because, in fact, these issues that the merits of the district court's orders can be adjudicated upon entry of final judgment. And in answer to Your Honor's question, Judge Kristen, about how, if at all, the class members have been harmed by this court deferring those merits questions, the answer is they're not. And they're not because they've retained the settlement money and the district court expressly held that it would consider offsetting those payments against any final judgment entered in plaintiff's favor. So we agree that there is not jurisdiction. And if there's an entry of judgment in Safelite's favor, the settlements are what they are also. That's right. That's right. They took the risk when they undertook this strategy of sending out these individual settlement agreements with live checks. So that is what it is and could be a loss to them. Now, the court, I think, is – So what they're really – I mean, in a sense, what they're complaining about is the inability to continue to do that, to send additional – I think they're complaining about inconvenience. I think they're complaining about the fact that they have to continue litigating this case in light of the district court's orders and validating those individual settlement agreements. Now, importantly, all the district court's order really did is go to the size of the class. The class will either be 1,200-plus people if the court's orders are upheld, or it will be 200-300 people if the court's orders are reversed. So in any event, we have a class action here that will continue to be litigated. Well, it's not just inconvenience for them. It's significant additional exposure to liability, right? Well, that's true, but the key issue in the case has been adjudicated against them, and they didn't oppose certification of six of the seven certified classes. So the case needs to go forward. What else would they have had to include in their packet that they sent out? The judge was concerned that the complaint wasn't included, but they did include contact information for plaintiff's counsel, right? That's right, and we're not quarreling about what they did include. We're quarreling about what they didn't include. What did they leave out? What they left out was a true statement of the current status of the case. They didn't inform class members about the key rulings on summary judgment, the central one of which went against safe light as to this peace rate compensation plan, and they didn't inform the class members that they didn't oppose class certification. So the concern is whether the class members, putative class members, were misled, and his response is it's really hard to do that in a way that isn't even more misleading. What is your response to that? I think that's silly, Your Honor. The key principle that underlies this entire body of law is that if you're going to tender settlement agreements to absent class members, you have got to set forth sufficient information for those class members to be able to make a meaningful assessment. So in your view, they should have said, we have so far lost our argument that we don't owe more money, and the court held that this is a peace rate and, therefore, such and such is owed, and we think that's wrong and we intend to appeal it, but in the meantime, so there's a risk both ways. The plaintiffs have a good ruling, but it might not stand up later. So they would have to include something like that in your view? Yes. I think they need to give a neutral statement as to the proceedings that occurred in the litigation to date, and that included the rulings at summary judgment and their non-opposition to class certification. Wouldn't it have been more neutral for the judge to say your agreement is voidable rather than void? Well, in a sense, because the issue could be adjudicated upon entry of final judgment, that is the case. I mean, if this litigation proceeds, this court upholds the district court's order, plaintiff proceeds to litigate the case, and we prevail, Safeway has already promised to appeal that final judgment, and so it will come into court and say, look, these individual settlement agreements were valid, they should be given full force and effect, and we should not have to pay a cent more to these class members than we have already paid. Okay, that's the piece I wanted to ask you about is, again, the jurisdictional piece, because I still am having grave doubts that we have the authority to hear the merits of these matters now. Is there anything that could be argued now on appeal that would not be capable of argument after final judgment and capable of effective redress if Safe Flight should win either at trial or on appeal? No and no. Safe Flight retains all its rights upon entry of final judgment to make the same arguments it's making to this court today, and this court retains the ability to adjudicate the merits of the district court's orders at that time. So in light of the fact we don't think that there's jurisdiction here, I wanted to get back to the point that I think the court has precisely identified what happened here, which is that Safe Flight from the very beginning chose to litigate this case in an extremely unusual way. It put the merits first. You do too. That was a stipulation, right? True, true. But it's extremely unconventional for class action defendants to not litigate the merits. I know, I had to read it twice. I was like, what? Yes, but that's what you did and it was by stipulation? That's right. All right. That's right. So they lose on what even the district court characterizes as the central issue. They then essentially concede class certification. They do oppose certification of one class but not the remaining six. So now what does Safe Flight to do? It's put itself in a bind. And what does it do? Well, it decides to issue these settlement agreements in an attempt to moot this case or at least whittle down this class, and it doesn't disclose that highly probative information that class members needed to know to make the fair assessment that the law entitled them to be able to make about whether to stay in this class and keep litigating their claims or to accept Safe Flight's settlement offer. Now, they can't point to a single case where any court has green-lighted that kind of behavior by a defendant. Not one. And this court shouldn't be the first court to do it. It shouldn't, one, because of the fundamental due process concerns that underlie class litigation, and, second, because that kind of decision will just incentivize this kind of gamesmanship. You're going to get defendants saying, let's take a shot at the merits. And if that doesn't work, then we'll take our shot at class cert. And if that doesn't work, well, no worries, because now we can send out these settlement agreements. And guess what? We don't even have to tell the class all these rulings that went against us or that we conceded to. Only if they sent out the notices pre-certification. And that's another point he's made you haven't responded to, that these went out pre-certification. Well, that's a distinction without a difference. That doesn't matter. Once they decided to tender these settlement offers and they were asking absent class members to extinguish all of these rights, they had to arm them with sufficient information for them to make an informed decision. So why wasn't, just humor me, why wasn't it sufficient for them to say there's this ongoing litigation and here's Plaintiff's Counsel's phone number you can call if you want more information? Well, because it's simply misleading as to what's happened in the case, and it puts the burden on class members to affirmatively do something, to call Plaintiff's Counsel, get a lawyer on the phone, who can then talk them through those proceedings. The whole point here is notice. They sent out this packet that was detailed in some ways, but they completely omit information that even a reasonably astute non-lawyer lay person would say, oh, okay, well, so they've lost this ruling at a pivotal juncture in the case. They're conceding at this other pivotal juncture in the case. Gosh, I wonder why they're sending me a live check in the mail. What's going on here? And it doesn't take much imagination to think, well, maybe they're sending this to me because they're trying to buy me off on the cheap. I'm curious, how did you and or the court learn about this? I was not trial counsel. So my understanding is that an absent class member contacted Plaintiff's Trial Counsel because he learned about it, I believe, on about the same day or very shortly after these went out in the mail on August 21st of last year. I also would just like to briefly address the issue that Safe Flight keeps arguing, that somehow its free speech rights have been restricted here until class certification, until that order was entered. There were no prior orders by the district court preventing it from communicating with the class or curtailing those communications. And there are no free speech rights at stake here. This is not the Eighth Circuit's decision in Great Rivers where the defendant was being compelled to publish in its own newsletter an opinion piece by the plaintiff criticizing the defendant's conduct, nor is it the Third Circuit's case in the asbestos school litigation where a non-party lobbying arm of the defendant was being forced to communicate certain information about the case every time it was engaged in its lobbying efforts in which a class member might have been part of the audience. So that's a complete red herring that I think this court should simply ignore. At the end of the day, these were orders well within the district court's discretion, and it was certainly within the district court's authority to say, not on my watch, you're not going to engage in these kinds of misleading tactics when I have a duty to protect, a fiduciary duty to protect these absent class members, and we would urge the court to uphold the district court's orders or alternatively simply dismiss the appeal for lack of jurisdiction. Thank you, counsel. Mr. Smith, you have a little bit of rebuttal time remaining. Your Honor, there was nothing duplicitous. There was nothing misleading about what the court, what Safe Flight did. Safe Flight has the right, pursuant to Gulf Oil and its progeny, to send out pre-certification communications to putative class members. That is beyond. Well, obviously every one of us has a different take on it, but what it seemed misleading was that the notices said these are allegations and we deny them and we're going to litigate them vigorously. All that's fine, except that by the time those were sent, it was more than allegations. There was a court ruling in accordance with several of those allegations. And that seems misleading to me, just speaking for myself. And I respect that, Your Honor. I disagree with it, but I respect it. I think in that situation there's a possibility to send out a curative notice now not to invalidate the communication and agreements. That's different. That's different. And I did ask about that, whether it would have been certainly more measured if the judge had said these are voidable, not void. But the fundamental question you're not answering is why these weren't misleading packets of information. It left out. That's opposing counsel's response. It left out the big ticket item, which is that you'd taken a hit on liability. We had not taken a hit on liability, Your Honor. We'd taken a hit on the finding that the performance pay plan could involve minimum wage violations. That's taking a hit on liability. And it's not that it was a done deal and certainly you had a right to appeal, but that is an unfavorable ruling for you, right? And it's a significant one. It is. Okay. And so the point is, the reason this is that every judge up here has expressed concern about misleading is that people were sent a check in the mail and they weren't told that. Your strongest response I heard was, well, they could have called plaintiff's counsel. Is there more? They could have called plaintiff's counsel, and rather than invalidate the agreement that these individuals reached with content and a packet sent to them which explained thoroughly what was going on, the district court could have ordered a less drastic remedy. It could have, but this is an abuse of discretion standard, and that's sort of the remedy that she chose. It doesn't go to whether the character of the packet was fundamentally misleading, and I don't hear you responding to that. Your Honor, I don't believe the character of the packet was fundamentally misleading. I think there was sufficient information in the packet to provide the putative class members with a meaningful choice to make. And the invalidation of this wholesale whole cloth without any other opportunity to cure, we believe is an abuse of discretion. That's an abuse of discretion in that it was deemed void? It was. As opposed to voidable? It was deemed void. Thank you, counsel. Thank you.  We appreciate very much the arguments of both of you.
judges: Wardlaw, Graber, Christen